

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR - 5 2010

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEON WILBURN JR.,                 §
                                  §
            Petitioner,           §
                                  §
v.                                §         No. 4:09-CV-430-A
                                  §
RICK THALER, Director,            §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
            Respondent.           §

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Leon Wilburn Jr., a state prisoner currently incarcerated in Fort Stockton, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On June 4, 2003, a jury convicted petitioner of delivery of a controlled substance in the Criminal District Court Number Two of Tarrant County, Texas, and assessed his punishment at 45 years'

confinement.    (Clerk's R.  at  41)    Petitioner appealed his

conviction, but the Second District Court of Appeals of Texas

affirmed the trial court's judgment, and, on July 27, 2005, the

Texas  Court  of  Criminal  Appeals  refused  his  petition  for

discretionary review. *Wilburn v. Texas*, No. 02-03-266-CR, slip op.

(Tex.  App.-Fort  Worth  Feb.  10,  2005)  (not  designated  for

publication); Wilburn v. Texas, PDR No. 333-05.  Petitioner did not

seek writ of certiorari.  (Petition at 2)  Petitioner also sought

state postconviction habeas relief by filing an application for

writ of habeas corpus in 2007, to no avail.  *Ex parte Wilburn*,

Application No. WR-53,645-05.  This petition was filed on December

16, 2009, in which petitioner challenges his 2005 conviction on

nine grounds.  Respondent contends the petition is untimely.

## II.   Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations

on federal petitions for writ of habeas corpus filed by state

prisoners.  Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to
> an application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court. The
> limitations period shall run from the latest of-
>
> > (A)   the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.   For purposes of this provision, petitioner's conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on October 25, 2005, and closed one year later on October 25, 2006, absent any tolling.   *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson,*

3

154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.  Petitioner's

state habeas application, filed on April 10, 2007, after

limitations had already expired, did not operate to toll the

federal limitations period under § 2244(d)(2).  *See Scott v.*

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor has petitioner

alleged or demonstrated rare and exceptional circumstances that

would justify equitable tolling.  *See United States v. Petty*, 530

F.3d 361,364-65 (5th Cir. 2008); *Davis v. Johnson*, 158 F.3d 806, 811

(5th Cir. 1998).  Petitioner waited over twenty-six months before

seeking post-conviction habeas relief and has not demonstrated that

he was actively misled by the state or prevented in some

extraordinary way from asserting his rights in state or federal

court.  Difficulty obtaining records is a common problem among

inmates who are trying to pursue postconviction habeas relief. *See*

*Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  Thus,

petitioner's federal petition filed on December 16, 2009, was filed

beyond the limitations period and is, therefore, untimely.

    For the reasons discussed herein,

    The court ORDERS respondent's motion to dismiss is granted and

the petition of petitioner for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED March  5  , 2010.

_____
JOHN McBRYDE
United States District Judge